594 A.2d 727

COMMONWEALTH of Pennsylvania, Appellant,

v.

Richard Lee ADAMS, Appellee.

Superior Court of Pennsylvania.

Argued May 24, 1991.

Filed July 31, 1991.

Charles Coleman, Asst. Dist. Atty., Reading, for Com., appellant.

Lawrence J. Hracho, Reading, for appellee.

Before WIEAND, BECK and HUDOCK, JJ.

BECK, Judge:

The issue in this case is whether under *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), the trial court erred in dismissing drunk driving charges against Richard Lee Adams where he had previously pled guilty to the summary offense of reckless driving. The trial court found that double jeopardy barred his subsequent prosecution for drunk driving which arose out of the same incident. We conclude that, under the circumstances of the instant case, the principles announced in *Grady v. Corbin* do not require dismissal on double jeopardy grounds. Therefore, we reverse.

The relevant facts are not in dispute. In the early morning hours of December 17, 1989, the police officer saw Adams driving his car on the berm of the road. The officer turned his police vehicle around and followed Adams. He saw Adams driving in an erratic manner, unable to stay in his lane of the highway. When the officer pulled him over, Adams exhibited numerous signs of intoxication including the odor of alcohol, slurred speech, slow physical reactions and difficulty in retrieving his license and registration. The officer had Adams perform several field sobriety tests, all of which Adams was unable to complete. Adams was arrested and he consented to a blood alcohol test. The test results indicated a .265 blood alcohol level.

On December 18, 1989, the same officer issued a citation charging Adams with reckless driving. 75 Pa.C.S. § 3714 (Purdon 1977). Adams pled guilty to reckless driving by

signing the citation and paying the fine before he received notice that a criminal complaint had also been filed charging him with driving under the influence of alcohol (DUI), 75 Pa.C.S. § 3731(a)(1) and (a)(4) (Purdon 1990). Pretrial motions were heard and trial on the DUI was scheduled. Prior to trial however, Adams filed a petition to dismiss the DUI prosecution on the basis of *Grady v. Corbin, supra,* which the United States Supreme Court decided on May 29, 1990. Both parties briefed and argued the double jeopardy issue. After a hearing the trial court found that double jeopardy barred the DUI prosecution and ordered it dismissed. It is from this order that the Commonwealth appeals.

In an *en banc* decision in *Commonwealth v. Labelle,* 397 Pa.Super. 179, 579 A.2d 1315 (1990), this court applied *Grady v. Corbin.* In a more recent panel decision, *Commonwealth v. Kline,* 405 Pa.Super. 412, 592 A.2d 730 (1991), we explained the import of *Grady* as follows:

> In [*Grady*] the Supreme Court clarified and expanded the inquiry which must be undertaken in order to determine whether successive prosecutions violate the double jeopardy guarantee. It focused on the dangers inherent in multiple prosecutions and stated that the *Blockburger* [*v. U.S.,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)] test, which analyses the statutory elements of the charged offenses to reveal whether they are identical or one is a lesser included offense of the other, is insufficient by itself to protect defendants against the burdens of multiple trials. Therefore, the Court held that even if offenses would pass muster under the *Blockburger* test, a further inquiry is necessary to assure that the double jeopardy right is not violated. Thus, the Court held that, *"the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted.... The* critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct."

*Commonwealth v. Kline,* 405 Pa.Super. at ——, 592 A.2d at 732 (footnote and citation omitted; emphasis supplied).

■ In this case in order to determine whether the prosecution for DUI is barred by Adams' previous plea of guilty to reckless driving arising out of the same incident, we are required to engage in a two part inquiry. The first part is the *Blockburger* test. If the offenses at issue either have identical statutory elements or if one is the lesser included offense of the other, subsequent prosecution is barred by double jeopardy. *See Grady,* 495 U.S. at ——, 110 S.Ct. at 2090, 109 L.Ed.2d at 561. If, however, *Blockburger* alone does not bar the second prosecution, the prosecution may nevertheless be barred if in order to prove essential elements of its subsequent case, the Commonwealth necessarily must prove conduct for which the defendant already has been prosecuted. This second prong of the inquiry was added by *Grady* and comprises the "same conduct" test.

■ Application of the *Blockburger* test does not bar the DUI prosecution in the instant case. In *Commonwealth v. Labelle, supra,* 397 Pa.Super. at 194, 579 A.2d at 1323, this court specifically found that reckless driving and driving while intoxicated each contain statutory elements which the other does not. In order to prove reckless driving the Commonwealth must establish that the defendant drove his vehicle in careless disregard for the safety of persons or property, an offense which requires no proof of intoxication.[1] Therefore, to prove reckless driving the Commonwealth must show that defendant was driving the vehicle in such a manner as demonstrates the *mens rea* of careless disregard for the safety of persons or property. In contrast, to prove DUI, the Commonwealth need not establish these elements. Instead, a DUI conviction is based on proof that a person has 1) driven, operated or been in

---

1. In addition, the reckless driving charge requires proof that defendant was "driving" the vehicle in question, as opposed to the broader requirements of the DUI statute that defendant shall not "drive, operate or be in actual physical control of the movement of any vehicle" while under the influence of alcohol.

control of a vehicle; while *either* 2) (a) under the influence of alcohol to the extent that he was incapable of safe driving, *or* (b) having an amount of alcohol in the blood of .10 percent or greater. *See Commonwealth v. Labelle*, 397 Pa.Super. at 192, 579 A.2d at 1322.

Since the elements of the crimes are not the same, and one is not a lesser included offense of the other, we conclude *Blockburger* does not by itself bar subsequent prosecution. Therefore, we must resolve, pursuant to *Grady*, whether in order to convict appellant of DUI, the Commonwealth must prove the same conduct it would have had to prove to convict appellant of reckless driving. We conclude that because proof of Adams' reckless driving conduct is not necessary to establish the elements of DUI in this case, double jeopardy will not bar the subsequent prosecution.

At the heart of our resolution of the instant case is the fact that Adams was charged under two subsections of the DUI statute: 75 Pa.C.S. § 3731(a)(1) *and* (a)(4). Pursuant to section 3731(a)(1) the Commonwealth would have to prove that Adams was intoxicated to a degree which rendered him unable to drive safely.[2] In order to establish the offense charged under that section it is arguable that the Commonwealth would have to prove the entirety of Adams' conduct which comprised the reckless driving conviction. However, the Commonwealth could prove DUI in this case based entirely on a violation of section 3731(a)(4),[3] in that Adams' blood alcohol level was significantly higher than .10 and was in fact .265 percent. This fact alone, along with proof that Adams' was in actual physical control of the

---

**2.** Section 3731(a)(1) provides:
    (a) **Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of any vehicle while:
        (1) under the influence of alcohol to a degree which renders the person incapable of safe driving;

**3.** Section 3731(a)(4) provides:
    (a) **Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of any vehicle while:
        (4) the amount of alcohol by weight in the blood of the person is 0.10% or greater.

vehicle, would suffice to support the essential elements of DUI under section 3731(a)(4).

The distinction we draw here was acknowledged in *Grady* and stems from its interpretation of the language of the double jeopardy clause. The fifth amendment forbids any person to be subject to twice being placed in jeopardy for the same offense. Essential to double jeopardy jurisprudence is discerning what constitutes the "same offense" for purposes of successive prosecutions. In defining "same offense" the Supreme Court has repeatedly refused to adopt a "same transaction" test which would indeed bar the DUI prosecution here even if the Commonwealth could prove its essential elements without proving the reckless driving conduct, because both charges arise out of a single criminal transaction.

In *Grady* the Court adopted what it considers to be a meaningful alternative to the same transaction test. Therefore, in *Grady*, the Court emphasized that double jeopardy would not be offended if the State relied on proving the subsequent charges by establishing conduct which, although part of the same criminal transaction, was not conduct which constituted the offenses for which defendant had already been convicted. The distinction may at times be difficult to ascertain and may require the prosecution to demonstrate the proof upon which it intends to rely in order to escape the double jeopardy bar. Nevertheless, consistent with *Grady*, we hold that where as here the Commonwealth can establish that the successful prosecution of the subsequent offense does not depend on proof of the conduct which comprised the previous conviction, the double jeopardy clause will not require more.

Finally, the result we reach today was forecast by our decision in *Kline, supra*. In *Kline*, the facts were substantially similar to those in the instant case, with one critical distinction. The defendant there was stopped after a police officer observed her car weaving back and forth across the median line of the highway. Prior to DUI charges being filed, Kline pled guilty to failing to drive on the right side of

the roadway. Shortly thereafter, a DUI complaint was filed. However, Kline had refused to consent to a blood alcohol test and therefore the blood alcohol content of the defendant was unknown and she was not charged under section 3731(a)(4). Thus in order to establish that defendant was intoxicated to the point of making her incapable of safe driving, as required under subsection (a)(1), the Commonwealth had to stipulate that the evidence on the DUI was dependent on showing that Kline was weaving back and forth across the center line of the roadway. Since that conduct was the entirety of the conduct for which she had already been convicted, the subsequent DUI prosecution in *Kline* violated the double jeopardy guarantee. We noted, however, "that if Kline had consented to a blood alcohol test and if her blood alcohol content was shown to be 0.10 percent by weight or greater, proof of that fact along with the fact that Kline operated the vehicle would be sufficient to support a conviction for DUI under section 3731(a)(4)." *Commonwealth v. Kline,* 405 Pa.Super. at ——, 592 A.2d at 734. The implication of this reasoning was that under those hypothetical circumstances, the double jeopardy bar would be avoided. *Kline*'s hypothetical is Adams' case.

Based upon the foregoing, we conclude that the trial court erred in dismissing the DUI prosecution against Adams. Prosecution for DUI not based upon Adams' conduct which constituted reckless driving in the first prosecution does not offend double jeopardy.

Order reversed and case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.