## Commonwealth v. Roach

*Allen P. Powanda, assistant district attorney,* for the Commonwealth.

*J. David Caruthers,* for defendant.

ACKERMAN, *J.,* January 19, 1992—The defendant, Rebecca J. Roach, has filed a motion to quash the information against her contending that if she is tried on the charges contained in the information that she will have been twice placed in jeopardy in violation of the Fifth Amendment of the U.S. Constitution and Article 1 §10 of the Pennsylvania Constitution. Concluding that her trial will not offend the principles of double jeopardy, the defendant's motion will be denied.

The defendant was charged on July 27, 1991, with driving under the influence of alcohol; possessing altered, forged or counterfeit documents (a certificate of title); violation of the financial responsibility law; driving an unregistered vehicle; failure to stop at the scene of an accident; and driving under suspension. At her preliminary hearing, the district justice found the de-

fendant guilty of driving under suspension and held the other charges for court. The defendant now contends that the finding of guilt on the driving under suspension charge allows her to invoke the protection of the double jeopardy clauses of the federal and state constitutions, and relies upon *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), as authority for her position. But as we will see, *Grady* does not require a dismissal of the charges on the facts of the present case even though the untimely disposition of one or more summary offenses where other charges have been held for court is a vexing problem that continually reoccurs.

The U.S. Supreme Court in deciding the case of *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), created a test which involves a comparison of the statutory elements of the crimes disposed of and the pending charges. If each crime contains a statutory element which the other does not, then the constitutional ban against double jeopardy has not been breached. Without unnecessary elaboration, it is clear after comparing the elements of driving under suspension with the other charges brought against Ms. Roach that the *Blockburger* test has been met, since driving under suspension contains as an element of proof, the suspension of the defendant's license, which is not material to the other charges; and the other charges require proof of being under the influence of alcohol, alteration of documents, lack of financial responsibility, lack of registration, and failure to stop respectively, which are not elements of driving under suspension.

In 1990, the Supreme Court announced the additional test set forth in *Grady.* "We hold that the Double

Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Grady v. Corbin, supra*, 110 S.Ct. at 2087. (footnote omitted) In the present case, the conduct for which Ms. Roach has already been prosecuted is driving under suspension. Since the Commonwealth will not have to prove driving under suspension on any of the remaining charges, the *Grady* test has been met.

The defendant's view of *Grady* and its effect is misplaced. The defendant seems to believe that since driving a motor vehicle is one of the elements of driving under suspension as well as an element of driving under the influence and some of the other remaining charges, that the existence of this one common element prevents the Commonwealth from passing the *Grady* test. The fallacy of this reasoning can be pointed out by noting that the defendant was not prosecuted for driving an automobile, nor could she have been prosecuted for that alone, the *conduct* which constituted the prior offense was driving under suspension, and nothing less. Since the Commonwealth need not prove that the defendant was driving under suspension to convict the defendant on the remaining charges in the information, the defendant will not be placed in double jeopardy. See also *Commonwealth v. Adams,* 406 Pa. Super. 493, 594 A.2d 727 (1991).

## ORDER OF COURT

And now, January 14, 1992, the defendant's motion to quash the information is denied.