## Commonwealth v. Tresnicky

*Allen P. Powanda, assistant district attorney,* for the Commonwealth.

*John M. O'Connell Jr.,* and *Gene A. Ferace,* for defendant.

McCORMICK Jr., *J.,* January 23, 1992—This matter is before the court on the defendant's motion to dismiss two homicide by vehicle charges. On April 19, 1990, the defendant was operating a truck on U.S. Route 119 in Hempfield Township, when he was involved in a motor vehicle accident that resulted in the deaths of two brothers, Earl and Robert Anderson. After an investigation conducted by the Pennsylvania State Police, the defendant was charged, on May 4, 1990, with the summary motor vehicle offenses of driving vehicle at safe speed, 75 Pa.C.S. §3361, and turning movements and required signals, 75 Pa.C.S. §3334(a). On May 14, 1990, the defendant entered a plea of guilty to both citations before a district justice.

Subsequently, on May 31, 1990, the Pennsylvania State Police charged the defendant with two counts of homicide by vehicle, 75 Pa.C.S. §2705.[*] During a jury trial before this court in July 1991, four counts

---

[*] The 12 counts regard 12 different individuals.

of recklessly endangering another person were dismissed by the court. The remaining charges were left to the jury and, after lengthy deliberations, the jury found the defendant not guilty on all six of the recklessly endangering another person charges and was deadlocked on the two homicide by vehicle charges. A mistrial was declared as to the two remaining charges which the defendant seeks to dismiss.

The defendant argues that the double jeopardy clause of the Fifth Amendment to the U.S. Constitution bars his being prosecuted on the remaining charges of homicide by vehicle. Specifically, the defendant argues that the not guilty verdict as to the six counts of recklessly endangering another person determines, as a matter of law, that the defendant had not acted recklessly and that, as a consequence, he cannot be convicted of homicide by vehicle. Furthermore, the defendant contends that his prior convictions of driving vehicle at safe speed and turning movements and required signals bar his being subsequently charged and tried for homicide by vehicle.

First, with respect to the jury's verdict of not guilty as to the six counts of recklessly endangering another person, this court does not agree with the defendant that this precludes the continuing prosecution of homicide by vehicle as a matter of law. It is not necessarily so that the jury found the defendant's conduct to be without recklessness. It may well be that the jury merely concluded that the defendant was not reckless as to the six individuals to whom these charges relate, which are different from the two decedents. The jury could have concluded that the defendant was reckless

but that the six individuals were not within danger of death or serious bodily injury. Conceivably, the Commonwealth may be able to show that the defendant acted recklessly as to the two decedents regardless of how he may have acted as to the six other individuals.

The defendant's second contention, that the prosecution of the homicide by vehicle charges is barred by double jeopardy, for the reason that the defendant has previously been convicted of the underlying conduct of driving at an unsafe speed and improper lane changes, is more to the point.

There has been a flurry of important appellate decisions regarding double jeopardy in the past 18 months. The U.S. Supreme Court decided *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), which was followed by the Pennsylvania Superior Court decisions of *Commonwealth v. Labelle,* 397 Pa. Super. 179, 579 A.2d 1315 (1990), *Matter of Huff,* 399 Pa. Super. 574, 582 A.2d 1093 (1990), *Commonwealth v. Kline,* 405 Pa. Super. 412, 592 A.2d 730 (1991), and *Commonwealth v. Adams,* 406 Pa. Super. 493, 594 A.2d 727 (1991).

Prior to *Grady, supra,* a double jeopardy analysis concentrated on the "same elements" test first enunciated in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). That is, if the offenses have identical statutory elements, or if one is a lesser included offense of the other, then the inquiry is ended, and the subsequent prosecution is barred. The test for determining whether an offense is a lesser included offense is whether each and every element of

the lesser offense is necessarily an element of the greater offense. *Huff, supra.*

*Grady* added to the double jeopardy protections of *Blockburger* by establishing a "same conduct" test. Specifically, *Grady* tells us that double jeopardy bars any subsequent prosecution in which the government, in order for it to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. "The critical inquiry is what conduct the state will prove, not what evidence the state will use to prove that conduct." *Grady, supra.*

In *Grady v. Corbin,* a situation similar to the instant case presented itself. Corbin was the driver of an automobile that struck another vehicle in New York state causing the death of one person and injury to another. He was charged with driving while intoxicated and failing to keep to the right of the median, by traffic ticket, and pled guilty to those charges before a town justice, roughly the equivalent of our district justice. Subsequently, a grand jury indictment was returned charging Corbin with reckless manslaughter, criminally negligent homicide and reckless assault. He sought to have the charges dismissed on double jeopardy grounds before the trial court and through subsequent appeals, which eventually placed the issue before the U.S. Supreme Court. The analysis set forth in *Grady* is the analysis required in this case.

The crime of driving vehicle at safe speed, 75 Pa.C.S. §3361, provides:

"No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions

and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway and when special hazards exist with respect to pedestrians or other traffic or by reason of weather of highway conditions."

The crime of turning movements and required signals, 75 Pa.C.S. §3334(a) provides:

"Upon a roadway no person shall turn a vehicle or move from one traffic lane to another or enter the traffic stream from a parked position unless and until the movement can be made with reasonable safety nor without giving an appropriate signal in the manner provided in this section."

Defendant was charged with those offenses on May 4, 1990, and pled guilty to those offenses on May 14, 1990.

Proof of the offense of homicide by vehicle requires the Commonwealth to show that (1) the defendant drove in a manner that violated the Motor Vehicle Code, (2) the defendant knew or should have known that his conduct violated the law and (3) the death was the probable result of the Motor Vehicle Code violation. *Commonwealth v. Uhrinek,* 518 Pa. 532, 544 A.2d 947 (1988). Since evidence of a speed violation or of a traffic lane change violation are not always necessary to prove a

charge of homicide by vehicle, violations of 75 Pa.C.S. §3361 and/or 75 Pa.C.S. §3334(a) are not lesser included offenses of homicide by vehicle. *Huff, supra.*

But in the present case there is no apparent means known to this court as to how the Commonwealth can prove the defendant guilty of homicide by vehicle, without showing that the defendant drove at an unsafe speed or improperly changed lanes. The conduct, upon which the Commonwealth must rely, i.e., the violations of the Motor Vehicle Code, when the defendant knew or should have known that he was violating the law, and that death was the probable result of the violations, is the same conduct for which the defendant has already been convicted. Although the homicide by vehicle charges do not contain the same elements as the summary offenses of driving vehicle at safe speed and turning movements and required signals, and thereby do not satisfy the *Blockburger* "same elements" test, the underlying conduct of the summary violations is the same conduct on which the Commonwealth must rely to make out its case of homicide by vehicle. This is the very scenario proscribed by *Grady.*

It may be that the Commonwealth intends to prove homicide by vehicle by showing that the defendant is guilty of reckless driving (careless driving), i.e., that he operated his vehicle in careless disregard for the safety and property of others, and that no showing of driving at an unsafe speed or improper lane changes need be made. But it remains apparent that a reckless driving theory must rely on the underlying conduct of driving at an unsafe speed and improperly changing lanes. There is no other conduct to which the Commonwealth can look to prove a violation of the Motor Vehicle Code. Since the defendant has previously been convicted of this underlying conduct, this court is con-

strained to follow the above-cited authorities and to dismiss the charges of homicide by vehicle.

Accordingly, the court enters the following order:

## ORDER OF COURT

And now, January 23, 1992, upon consideration of the motion to dismiss homicide by vehicle charges filed by the defendant, and for the reasons set forth in the foregoing opinion, it is hereby ordered, adjudged and decreed that the two counts of homicide by vehicle pending against the defendant, Donald M. Tresnicky, are hereby dismissed.