## Commonwealth v. Pyne (No. 2)

*Jeanne R. Boyer, assistant district attorney,* for the Commonwealth.
*Lawrence J. Hracho,* for defendant.

LUDGATE, *J.,* March 4, 1992—On October 12, 1990, at approximately 2:11 a.m., the defendant, William David Pyne, was charged with driving under the influence of alcohol, in violation of sections 3731(a)(1) and 3731(a)(4) of the Vehicle Code. Also, defendant was charged with the following summaries: driving while operating privilege is suspended, in violation of section 1543(a) and driving on the right side of roadway, in violation of section 3301(a), of the Vehicle Code.

A preliminary hearing was held before District Justice Gail M. Greth on December 10, 1990, and continued to January 7, 1991, after which the defendant was bound over for court on the charge of driving under the influence of alcohol, in violation of sections 3731(a)(1) and 3731(a)(4), and the summary offense of driving

on the right side of the roadway, section 3301(a) of the Motor Vehicle Code. District Justice Greth dismissed the summary of driving while operating privilege is suspended, section 1543(a) of the Motor Vehicle Code. On March 26, 1991, the court held an omnibus pretrial hearing pursuant to defendant's request for suppression of evidence, for dismissal of charges on double jeopardy grounds, to quash Count II of the information and for a writ of habeas corpus. The court denied the relief sought in defendant's omnibus pretrial motion and addresses those issues in this opinion.

On December 12, 1991, William D. Pyne, was found guilty after a trial by jury. Defendant filed a motion for a new trial and/or arrest of judgment on the following issues. The court on January 14, 1992, denied the motions. Pursuant to Pa.R.A.P. 1925(b) the defendant filed matters complained of on appeal. The defendant raises the following issues:

(1) Whether the court erred in permitting the Commonwealth to utilize testimony of acts, for which the defendant had previously been placed in jeopardy, as proof of an element of its case in chief, regarding the offense of driving under the influence of alcohol.

(2) Whether the court erred in permitting the Commonwealth to elicit the opinion of the arresting officer, as to whether the defendant had been under the influence of alcohol to a degree which rendered him incapable of safe driving. Defendant requests an arrest of judgment, in that the court erred in refusing to dismiss the charge of driving under the influence of alcohol, when the underlying summary offense had been dismissed by the district justice.

The court will address the first issue raised by the defendant.

## UTILIZING TESTIMONY

(1) Whether the court erred in permitting the Commonwealth to utilize testimony of acts, for which the defendant had previously been placed in jeopardy, as proof of an element of its case in chief, regarding the offense of driving under the influence of alcohol.

The U.S. Supreme Court in *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), provides for a two-step analysis in double jeopardy cases. In order to determine whether the prosecution for driving under the influence would be barred by the fact that the district justice dismissed the summary charge of driving while operating privilege is suspended or revoked, section 1543(a) of the Vehicle Code, a two-part inquiry is required. The first part would be the test set forth by the U.S. Supreme Court in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). An analysis will have to be made as to whether the offense of operating a motor vehicle while your license is suspended or revoked has identical statutory elements with the violation of section 3731(a)(1) and (a)(4) of the Vehicle Code, driving under the influence of alcohol, or if one is the lesser included offense of the other. The court here notes that the statutory language of section 1543(a) is as follows:

(a) *Offense defined*—Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary of-

fense and shall, upon conviction, be sentenced to pay a fine of $200.

The only element contained in both, is that regarding a motor vehicle. Further, in this case comparing the statutes determines that one is not a lesser included offense of the other.[*]

The second analysis would be whether or not under *Grady*, there is a "same conduct" requirement. The Pennsylvania Superior Court in *Commonwealth v. La-Belle*, 397 Pa. Super. 179, 579 A.2d 1315 (1990), rejected the argument that reckless driving and driving while under the influence of alcohol contained identical statutory elements, the court in that case found that there could be a prosecution in spite of the fact that a charge of reckless driving had been dismissed.

The proof of the defendant operating a motor vehicle while his operating privileges were suspended or revoked, does not bar a prosecution for driving under the influence of alcohol. This court notes that in *Commonwealth v. Adams*, 406 Pa. Super. 493, 594 A.2d 727 (1991), Judge Beck, the author of the majority opinion, indicated that reckless driving requires proof that the defendant was "driving" the vehicle in question as opposed to the broader requirements of the driving under the influence statute. The facts here are that the district justice dismissed the charge of driving while operating privileges are suspended or revoked, section 1543(a), whose elements are set forth above. Those

---

[*] (a) *Offense defined*—A person shall not drive, operate or be in actual physical control of the movement of any vehicle while:

(1) under the influence of alcohol to a degree which renders the person incapable of safe driving;...

(4) the amount of alcohol by weight in the blood of the person is 0.10% or greater.

elements require, as does reckless driving, (the charge in *Adams*) that the defendant was driving a vehicle.

Here, the court in applying the. analysis set forth in *Adams*, notes that because proof of the allegation that Pyne was operating a motor vehicle while his license was suspended or revoked was dismissed by the district justice, does not bar the prosecution for the violations of section 3731(a)(1) and (a)(4).

These are two separate and distinct charges. Based upon the foregoing analysis, the court finds that its order of May 12, 1991, was a correct analysis of the law.

## ELICITING OPINION

(2) Whether the court erred in permitting the Commonwealth to elicit the opinion of the arresting officer, as to whether the defendant had been under the influence of alcohol to a degree which rendered him incapable of safe driving. Defendant requests an arrest of judgment, in that the court erred in refusing to dismiss the charge of driving under the influence of alcohol, when the underlying summary offense had been dismissed by the district justice.

The defendant argues that the court erred by allowing the arresting officer to give his opinion as to whether the defendant had been under the influence of alcohol to a degree which rendered him incapable of safe driving. The defendant argues that such evidence permitted and/or invited the jury to defer to the proposed expertise of the arresting officer. We disagree. In *Commonwealth v. Neiswonger*, 338 Pa. Super. 625, 488 A.2d 68 (1985), the court held that a police officer, if he or she has perceived a defendant's appearance and acts, is competent to testify to his opinion as to the defendant's state of intoxication and to his ability to drive a vehicle

safely. A non-expert may give him or her opinion as to whether a person is intoxicated. *In the Interest of Wright,* 265 Pa. Super. 278, 401 A.2d 1209 (1979). The appearance of the capacity of safe driving is as much a matter of common knowledge, as is the appearance of intoxication. *Neiswonger, supra.*

This trial court's decision on the same issue was upheld in an unreported memorandum opinion of the Superior Court in *Commonwealth v. Kohl,* No. 01328 PHL 91, slip op. (February 10, 1991).

For all the foregoing reasons, this court respectfully requests that the defendant's appeal be denied.