603 A.2d 1031

**COMMONWEALTH of Pennsylvania**

v.

**Anthony BELLEZZA, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 22, 1991.

Filed Feb. 18, 1992.

470

James A. Swetz, Stroudsburg, for appellant.

E. David Christine, Jr., Dist. Atty., Stroudsburg, for Com., appellee.

Before DEL SOLE, BECK and HUDOCK, JJ.

BECK, Judge:

This is an appeal from an order of the trial court denying appellant's motion to dismiss a prosecution for driving under the influence of alcohol on the grounds that the prosecution was barred by operation of 18 Pa.C.S. § 110 and by constitutional principles of double jeopardy. Appellant is not entitled to relief and we affirm the order of the trial court.

On August 6, 1990, state police were called to investigate an automobile accident in Monroe county. Appellant was the driver of one of the cars involved in the accident and had sustained injuries as a result of the collision. When the state troopers approached appellant they noticed that his eyes were glassy and that there was a strong odor of alcohol about him. Appellant failed two field sobriety tests. He was subsequently taken to Pocono Medical Center to be treated for his injuries.

At the hospital, while the police were explaining to appellant his rights under the implied consent law, appellant became verbally abusive and boisterous. This occurred about an hour and a half after the police had arrived at the accident scene to investigate the collision in which appellant had been involved.

Rather than issue a citation to appellant at the time the abusive conduct occurred, the state trooper filed a citation with the district justice six days later, on August 12, 1990, charging appellant with disorderly conduct. Appellant received the citation on August 23, 1990, and returned a not

guilty plea by mail. A trial was set for November 1, 1990 by District Justice Robert J. Perfetti.

Appellant was also charged with driving under the influence of alcohol in a complaint filed before District Justice Charles P. Eyer on August 13, 1990. On October 12, 1990, a preliminary hearing was held on the drunk driving charge and appellant was held for court.

On November 1, 1990 appellant appeared for his scheduled trial in the disorderly conduct prosecution before District Justice Perfetti. While no transcript of the proceedings is in the record, District Justice Perfetti submitted a letter which has been made a part of the record and which described what transpired at the hearing. According to District Justice Perfetti, the Commonwealth presented testimony regarding appellant's conduct at the medical center. At the conclusion of the testimony, defense counsel argued for dismissal under Rule of Criminal Procedure 60.[1] He claimed that the police had violated the procedural mandates by filing a citation instead of issuing one to appellant at the time of the offense. The district justice found that the Commonwealth offered no compelling reason to justify its failure to issue the citation on August 6, 1990, the time of the incident. Instead a citation was signed by the state trooper on August 12, filed with the court on August 21 and received by appellant on August 23. The district justice concluded that there was no reasonable basis advanced for filing the citation as opposed to issuing it and also found,

1. Pa.R.Crim.P. 60 provides:
   **RULE 60. FILING OF CITATION**
   When it is not feasible to issue the citation to the defendant or when evidence is discovered after the issuance of a citation that gives rise to additional summary charges against the defendant resulting from the same incident, a law enforcement officer shall institute a criminal proceeding in a summary case by filing a citation with the proper issuing authority.
   The explanatory comment accompanying the rule elaborates that "When determining whether the filing of a citation was the correct procedure under the rules, the courts have considered whether there was a reasonable basis for filing, whether there were compelling reasons to prevent issuing the citation, and whether the defendant was prejudiced by the filing".

without specification, that appellant was prejudiced by this procedure. On this basis, the district justice granted appellant's motion to dismiss the disorderly conduct prosecution.

Thereafter, appellant filed an omnibus pretrial motion in the DUI prosecution seeking dismissal of that charge arguing that the dismissal of the disorderly conduct charge barred the subsequent prosecution. Appellant's motion was heard and denied by the Honorable Peter J. O'Brien of the Court of Common Pleas. This appeal followed.

Appellant challenges the DUI prosecution on two grounds. The first is that the prosecution is barred by the provisions of 18 Pa.C.S. § 110. The second is that the subsequent prosecution violates the protection against double jeopardy.

### —18 Pa.C.S. § 110—

[1] We first address appellant's statutory argument under section 110. Appellant argues that the DUI prosecution is barred by the previous "acquittal" for disorderly conduct since the two offenses arose out of the same criminal episode. Appellant asserts that under the compulsory joinder rule embodied in section 110, the Commonwealth was required to join the disorderly conduct and the DUI charges since they arose out of the same criminal episode. We disagree. Section 110 bars a subsequent prosecution for violation of a different statutory provision if the defendant has already been either acquitted or convicted of another offense which arose from the same criminal episode. Section 110 provides in pertinent part:

**§ 110. When prosecution barred by former prosecution for different offense**

Although a prosecution is for a violation of a different provision of the statute than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating

to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; ....

18 Pa.C.S. § 110 (Purdon 1983).

■ Appellant's argument fails on several grounds. Interpreting the phrase, "within the jurisdiction of a single court", our Supreme Court has held section 110 was inapplicable where the former prosecution was within the original jurisdiction of the district justice and the subsequent prosecution was within the jurisdiction of the trial court. *Commonwealth v. Taylor*, 513 Pa. 547, 522 A.2d 37 (1987); *Commonwealth v. Beatty*, 500 Pa. 284, 455 A.2d 1194 (1983). In *Beatty*, the defendant was charged with aggravated assault and also with leaving the scene of an accident without providing proper identification. The latter is a summary Motor Vehicle offense to which the defendant in *Beatty* pled guilty before a district justice. It was conceded in that case that both offenses arose from the same criminal episode. The defendant in *Beatty* moved for dismissal of the aggravated assault conviction, arguing that the prior conviction for the summary vehicle offense barred the subsequent prosecution pursuant to 18 Pa.C.S. § 110. The Supreme Court held that section 110 could not properly be interpreted to include the disposition of a summary offense in a traffic matter prior to the trial of a misdemeanor or felony in the court of common pleas. The court's holding was based on its construction of the language which provides "and was in the jurisdiction of a single court". The Supreme Court considered the "traditional division of labor in our court system" and noted that summary traffic of-

fenses were in the original jurisdiction of the district justice. The *Beatty* court reasoned further:

> Our interpretation of Section 110(1)(ii) as excluding traffic violations under the Motor Vehicle Code is further bolstered by a consideration of the purposes sought to be achieved by the legislative enactment as well as our promulgation of the compulsory joinder rule. The disposition of a summary offense in a traffic matter prior to trial of a misdemeanor or felony does not present the type of government harassment of a defendant that would offend double jeopardy concerns. Additionally, judicial economy is not served by requiring our Courts of Common Pleas to dispose of matters which are regularly entrusted to the district justices for disposition. It is fundamental that a rule of law should not be applied where its application fails to serve the purposes for which it was designed.

*Commonwealth v. Beatty*, 500 Pa. at 290–291, 455 A.2d at 1198 (footnote and citations omitted).

While *Beatty*'s interpretation of section 110 involved and arguably was limited to summary traffic offenses under the Motor Vehicle Code, a few years later the Supreme Court extended the *Beatty* rationale to other summary offenses.[2] In *Commonwealth v. Taylor*, 513 Pa. 547, 522 A.2d 37 (1987), the defendant was originally charged with harassment, carrying a concealed weapon without a license and simple assault by menace with pistol. At the preliminary hearing before the district justice on the assault charge, the defendant pled guilty to the summary offense of harassment and was fined. The following day the defendant was held for trial on the charge of carrying a concealed weapon and subsequently convicted. Taylor appealed the judgment of sentence on the grounds that the subsequent prosecution

---

**2.** Justice McDermott, in a concurring opinion, urged the court to take this step in *Beatty* and conclude that "all summary offenses, not merely traffic violations, may be tried separately from felonies or misdemeanors arising from the same criminal episode without violating the compulsory joinder rule". *Commonwealth v. Beatty, id.* 500 Pa. at 292, 455 A.2d at 1198 (concurring opinion by McDermott, J.).

for carrying a concealed weapon was barred by the former conviction for harassment by operation of section 110. The Superior Court agreed but the Supreme Court reversed. As the *Taylor* court made plain, "the single issue ... is whether the Superior Court properly applied Section 110 of the Crimes Code to the facts and proceedings in this case". The Supreme Court found that section 110 had not been properly applied. Again, the Supreme Court based its analysis on the fact that the district justice had original jurisdiction over the harassment charge which was a summary offense and therefore could finally dispose of that charge while having no power finally to dispose of the outstanding misdemeanor charge of carrying a concealed weapon. In this way, the Supreme Court found *Taylor* to be "virtually indistinguishable from ... *Beatty*". *Commonwealth v. Taylor*, id., 513 Pa. at 552, 522 A.2d at 39. Consequently, the Supreme Court likened *Taylor* to *Beatty* and found:

> Similarly, in this case our interpretation of section 110(1)(ii), which allows a summary offense to be disposed of prior to the prosecution for the misdemeanor, "does not present the type of government harassment of a defendant that would offend double jeopardy concerns."
> ... By allowing the district justice to dispose of the summary offense the defendant was no worse off than he would have been had the charge been bound over and joined with the greater offense. In addition, the disposition of the summary offense by the district justice has the advantage of narrowing the issues for the court of common pleas, and furthers the interest of judicial economy.
>
> Therefore, we conclude that since the harassment charge, as a summary offense, was in the jurisdiction of the district justice, conviction or a plea of guilty to that charge in a summary proceeding did not bar the subsequent trial of the weapons offense.

*Commonwealth v. Taylor*, id., 513 Pa. at 553, 522 A.2d at 40.

Thus, after *Taylor*, it cannot be argued that *Beatty*'s interpretation of section 110 is limited to summary traffic

offenses. We also conclude that, despite the language in both *Beatty* and *Taylor* which purports to rely in part on "double jeopardy concerns", these cases were not decided on federal or state constitutional double jeopardy grounds but were based solely on the Supreme Court's interpretation of section 110.

This court is fully aware of the evolving constitutional mandates in the area of double jeopardy and the fact that, in light of these changes, it can no longer be argued that double jeopardy concerns are not raised by prior summary convictions. *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990); *Commonwealth v. LaBelle*, 397 Pa.Super. 179, 579 A.2d 1315 (1990) (en banc); *Commonwealth v. Kline*, 405 Pa.Super. 412, 592 A.2d 730 (1991).

However, we are convinced that *Beatty* and *Taylor* are decisions wholly concerned with the application of section 110 and as such, remain binding precedent in this Commonwealth on the correct interpretation of that statutory provision. *See In re Huff*, 399 Pa.Super. 574, 582 A.2d 1093, 1095 (1990) (en banc) (emphasis in original) (" ... [B]oth *Taylor* and *Beatty* involved the application of 18 Pa.C.S.A. § 110 and the compulsory joinder rule of *Commonwealth v. Campana*, 455 Pa. 622, 314 A.2d 854, *cert. denied*, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974) ("*Campana II*"). Neither case purported to deal with the *constitutional* protections of the double jeopardy clause as applicable to summary offenses."). *See also Commonwealth v. LaBelle*, 397 Pa.Super. at 184–85, 579 A.2d at 1318.

Judge Brosky, in his dissent in the now-overruled case of *Commonwealth v. Evers*, 381 Pa.Super. 568, 579, 554 A.2d 531, 536 (1989),[3] explained the interplay between section 110 and the constitutional double jeopardy protection:

[W]here applicable, section 110 and the compulsory joinder rule ... offer greater protection to the accused than does the double jeopardy clause. Thus, section 110 may require joinder in a single trial offenses which would not

---

**3.** *Commonwealth v. Evers* has been overruled by *Commonwealth v. La Belle*, 397 Pa.Super. 179, 579 A.2d 1315 (1990).

under the double jeopardy clause. The flip side of this is those rules, being a rule or statute of Pennsylvania authority, are subject to the creation of exceptions and limitations of either judicial or legislative design by Pennsylvania courts and legislature. The vitality of the double jeopardy clause, being one of the Bill of Rights of the federal constitution is not as fragile. Neither the Pennsylvania courts nor the Pennsylvania legislature is empowered to restrict the scope of the constitutional protection and a decision construing or holding that the Pennsylvania originated protections of section 110 and the compulsory joinder rule, do not apply to a certain set of circumstances, by itself, in no way affects the applicability of constitutional protections to the same set of circumstances.

In the instant case, all parties concede that the disorderly conduct with which appellant was charged was a summary offense within the original jurisdiction of the district justice. In light of *Taylor* and *Beatty*, we conclude that the disposition of this summary offense by the district justice will not bar a subsequent prosecution for the DUI offense, by application of section 110 itself. *Accord, Commonwealth v. McAulay*, 361 Pa.Super. 419, 522 A.2d 652 (1987); *Commonwealth v. Kresge*, 317 Pa.Super. 405, 464 A.2d 384 (1983).

■ Moreover, even if we were to conclude that section 110 may operate to preclude the subsequent prosecution after a summary proceeding before a district justice, in the instant case appellant has two additional obstacles to hurdle, either of which will prevent him from prevailing on this claim. First, as the trial court found, the district justice dismissed the disorderly conduct charge on wholly procedural grounds having found that a citation was improperly filed instead of issued pursuant to Pa.R.Crim.P. 60.

However, by its very terms, section 110(1) bars a subsequent prosecution only when the former prosecution resulted in an acquittal or a conviction. An acquittal is defined for purposes of the statute as follows: "There is an acquit-

tal if the prosecution resulted in a finding of not guilty by the trier of fact or in a determination that there was insufficient evidence to warrant a conviction." 18 Pa.C.S.A. § 109(1) (Purdon 1983). Appellant argues that he was found not guilty of disorderly conduct by the district justice. However, we agree with the trial court that an accurate reading of the district justice's disposition establishes that it did not result in an "acquittal" nor did it involve a factual determination of appellant's guilt or innocence or relate to the sufficiency of the evidence against him. Therefore, the threshold statutory requirement that the "former prosecution" resulted in an acquittal or conviction has not been met. *See generally Commonwealth v. Smith*, 391 Pa.Super. 154, 570 A.2d 559 (1990).

■ Finally, for purposes of the instant case, section 110 requires that, in order for the second prosecution to be barred by an acquittal or conviction in a former prosecution, the two offenses must "aris[e] from the same criminal episode". Appellant argues that the disorderly conduct charge and the DUI charge here were part of the same criminal episode and therefore, this statutory requirement is fulfilled. We disagree. Whether two criminal offenses are part of a single criminal episode requires a case-by-case factual determination. *Commonwealth v. Flenory*, 351 Pa.Super. 27, 30, 504 A.2d 1341, 1342 (1986). Various factors are important, including the temporal sequence of events, the logical relationship between the acts and whether the offenses share common issues of law or fact. In the instant case, we conclude that the disorderly conduct charge and the DUI charge did not arise from the same criminal episode.

■ The drunk driving incident which resulted in the accident and appellant's eventual arrest for DUI occurred shortly after 2 A.M. and to the extent that appellant was no longer operating the vehicle when the police arrived, the offense was over before the police got there. Approximately one and a half hours later, at a site considerably removed from the site of the accident, appellant used abusive lan-

guage to the police officers. This conduct formed the basis for the disorderly conduct charge. The disorderly conduct was not related to appellant's operation of the vehicle or to his ability to drive safely. Proof of the disorderly conduct was not relevant to the drunk driving charge. Appellant's conduct at the medical center was neither necessary for nor probative of the fact of appellant's intoxication. At the time of the DUI arrest, appellant's eyes were glassy, his speech was slurred and he had failed two field sobriety tests. Thereafter, his blood alcohol content was discovered to be .14 percent. We discern no common issues of law or fact between the two offenses, nor have any been suggested to us.

In our view, this case is most closely analogous to *Commonwealth v. Purnell*, 358 Pa.Super. 105, 516 A.2d 1203 (1986). In *Purnell*, the defendant was arrested for disorderly conduct when she attempted to interfere with the police's efforts to arrest her companion. A while later, upon the defendant's arrival at the police station for booking on the disorderly conduct charge, she threatened and kicked a police officer, causing him serious injury. The defendant entered a plea of guilty to the misdemeanor charge of disorderly conduct and then argued that the subsequent prosecution for the aggravated assault on the police officer was barred by section 110 of the Crimes Code. This court rejected that argument and found that the criminal incidents were separate and distinct and did not arise from the same criminal episode. The same conclusion is mandated here. *See also Commonwealth v. Walton*, 405 Pa.Super. 281, 592 A.2d 335 (1991).

## —DOUBLE JEOPARDY—

Appellant also challenges the DUI prosecution on constitutional double jeopardy grounds. As noted above, section 110 and constitutional double jeopardy protection are not co-extensive. While many of the same policies underlie the statutory and constitution provisions, they are not identical. In some ways Section 110 offers broader protection against a successive prosecution than does double jeopardy. For

instance double jeopardy acts to prevent successive prosecutions for the "same offense" while section 110 extends protection to the "same criminal episode." In defining what constitutes the same criminal offense for double jeopardy purposes, the United States Supreme Court has declined to find that offenses are the same and thereby barred by double jeopardy merely because they are part of the same criminal episode. *See Grady v. Corbin, supra,* 495 U.S. at 523–24 n. 15, 110 S.Ct. at 2094 n. 15, 109 L.Ed.2d at 566 n. 15. In contrast section 110(i)(ii) bars a subsequent prosecution if it is based on the same criminal episode as the former prosecution. As explained above offenses which are part of the same criminal episode, must be logically related temporarily and physically, share common issues of fact or involve offenses which are necessary steps to the completion of others or even which involve attempts to conceal previous offenses. *See Commonwealth v. Walton,* 405 Pa.Super. at 284–86, 592 A.2d at 337. Thus, the same criminal episode may include offenses which constitute a continuing criminal scheme although they involve different statutory elements such that each charge requires proof of a fact the other does not. Under section 110 subsequent prosecution involving the "same criminal episode" would be barred. In contrast, under the double jeopardy clause offenses stemming from the same criminal episode would be barred only if the prosecution needed to establish conduct in the subsequent prosecution which had already formed the basis of the prior prosecution.

For example, in the recent case of *Commonwealth v. Adams,* 406 Pa.Super. 493, 594 A.2d 727 (1991),[4] this court found no double jeopardy violation for successive prosecutions which clearly arose from the same criminal episode. In *Adams,* the defendant had been charged for reckless driving and DUI when a state trooper saw that he was unable to stay in his lane of the highway. After arrest, Adams was shown to have a blood alcohol content far exceeding the legal limit. As such the DUI conviction could

4. *Adams* did not involve a claim under section 110.

be proved by reference to Adams' blood alcohol content without proof of the manner in which he drove the car. Adams first pled guilty to reckless driving and then challenged the subsequent prosecution for DUI on double jeopardy grounds. The trial court dismissed, the Commonwealth appealed and this court reversed. We concluded, after analyzing recent developments in double jeopardy jurisprudence, that "where as here the Commonwealth can establish that the successful prosecution of the subsequent offense does not depend on proof of the conduct which comprised the previous conviction, the double jeopardy clause will not require more". *Commonwealth v. Adams,* 406 Pa.Superior Ct. at 498, 594 A.2d at 730. Thus it is clear that although the test for what constitutes the "same offense" for double jeopardy purposes has been considerably broadened recently, it still cannot be said to encompass the section 110 requirement of "arising from the same criminal episode." [5]

■ In order to resolve the double jeopardy issue, we must invoke the increasingly familiar test articulated in *Grady v. Corbin,* 495 U.S. at 520–21, 110 S.Ct. at 2093, 109 L.Ed.2d at 564 for determining what constitutes the same offense for double jeopardy purposes. *Grady v. Corbin* sought to broaden the definition of the same offense and thereby extend double jeopardy protection. *Grady* establishes a two prong test. The first inquiry requires us to identify the statutory elements of each crime. This aspect of the analysis is known as the *Blockburger* test.[6] If one of the offenses is a lesser included offense or if the prosecution is not required in the subsequent prosecution to prove elements which are different from those in the prior prosecution, then *Blockburger* bars the subsequent prosecution.

Where the *Blockburger* test does not bar a subsequent prosecution, *Grady* instructs us to make a second inquiry to determine "[whether] the government, to establish an es-

---

5. Double jeopardy concerns apply to summary proceedings. *Commonwealth v. Kline,* 405 Pa.Super. 412, 592 A.2d 730 (1991).

6. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

sential element of an offense charged in [a subsequent] prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted". *Id.* Where the government relies on the same conduct for the prior and subsequent prosecution, double jeopardy bars the subsequent prosecution. While the first inquiry focuses on the elements of the offenses, the second focuses on the conduct necessary to prove each offense.

Applying this test to the instant case, it is immediately clear that double jeopardy does not bar the DUI prosecution. In the prior prosecution for the summary offense of disorderly conduct the Commonwealth was required to prove that appellant intended to cause public inconvenience or recklessly created the risk thereof by making unreasonable noise and using obscene language. In the subsequent prosecution for DUI, the Commonwealth did not have to establish any of those elements. Instead, the Commonwealth had to establish that appellant was in control of a vehicle while under the influence of alcohol. Plainly, these offenses do not satisfy *Blockburger.* There are no common elements in the two offenses.

We next examine the conduct involved in the two offenses. We conclude that since the Commonwealth need not prove conduct which constituted the disorderly conduct charge in order to convict appellant of DUI double jeopardy raises no bar to the subsequent prosecution. As we have already noted, proof of appellant's unrelated conduct at the medical center was wholly unnecessary to establish DUI. The "conduct" at the heart of the DUI offense was the drunk driving. No aspect of appellant's conduct at the medical center need be depended upon in order to proceed with the subsequent prosecution for DUI.

Order affirmed.