611 A.2d 1300

**COMMONWEALTH of Pennsylvania**

v.

**Mary M. CAUFMAN, Appellant.**

Superior Court of Pennsylvania.

Argued May 21, 1992.

Filed July 14, 1992.

Reargument Denied Sept. 18, 1992.

132

William C. Sacco, Erie, for appellant.

Patrick M. Carey, Asst. Dist. Atty., Erie, for Com., appellee.

Before ROWLEY, President Judge, and MONTEMURO and HESTER, JJ.

MONTEMURO, Judge:

This is an appeal from an order denying appellant's pretrial motion requesting that her case be dismissed on the grounds that the present prosecution violates the Double Jeopardy clause of the United States Constitution. The sole issue raised on review is whether appellant's prosecution for homicide by vehicle is barred by double jeopardy due to her previous plea of guilty to a summary traffic citation.

The relevant facts in this controversy are succinctly stated by the trial court and are as follows:

On October 26, 1990, Mary Caufmann [sic] was operating a motor vehicle on State Street when she struck Ruth Smith who was crossing the street. Caufmann [sic] remained at the scene and talked with Police Officer Steven Goodich, who conducted the initial investigation. She indicated to the officer that she had been drinking and he noted that she had an odor of alcohol about her, but was without additional signs of intoxication. A subsequent

blood test indicated a blood alcohol level below the legal limit.

At the scene, Officer Goodich measured the skid marks, and talked with an eye witness, and an Erie police officer, Sergeant Turner. The victim, Ruth Smith, was transported to the hospital. On October 30th, Officer Goodich spoke with the district attorney's office and caused a traffic citation to be issued to Ms. Caufmann [sic] alleging that she failed to drive at a safe speed. On November 2nd, Ruth Smith died while in the hospital and on November 14th, after receiving notice of the citation, Ms. Caufmann [sic] pled guilty to the traffic violation and paid the designated fine. The same day, Officer Goodich filed a criminal complaint charging Ms. Caufmann [sic] with Homicide by Motor vehicle.

(T.C.O. at 1–2).

Appellant asserts that double jeopardy bars any attempt to convict her for homicide by vehicle due to her previous conviction for driving at an unsafe speed. This issue was recently decided in the United States Supreme Court case *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). In *Grady,* the Court held that the Double Jeopardy Clause of the United States Constitution bars a subsequent prosecution if, in order to establish an essential element of the current offense charged, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted. Since appellant contends that *Grady* is controlling in the instant case, a careful review of the facts in *Grady* is necessary.

On October 3, 1987, defendant Corbin drove his automobile across a double yellow line, colliding head on with two oncoming vehicles. New York Assistant District Attorney (ADA) Thomas Dolan was called to the scene where he learned that two passengers in the second vehicle struck were seriously injured, and later that day learned that one of the passengers eventually died as a result of those injuries. That same evening the defendant was served two traffic tickets directing him to appear at the LaGrange

Town Justice Court on the charges of driving while intoxicated, and failing to keep right of the median.

Three days later ADA Frank Chase began gathering evidence for a homicide charge. ADA Chase never informed either the Town Justice Court, or the ADA covering that court about the death of the victim or the pending homicide investigation. On October 27, 1987, Corbin plead guilty to the summary offenses; however, sentencing was deferred since the district attorney failed to present a sentencing recommendation. On November 17, 1987 a sentencing hearing took place, wherein ADA Sauter who did not review the file, and was unaware of the fatality and pending investigation, recommended a minimum sentence. The presiding judge sentenced Corbin to a $350 fine, a $10 surcharge, and a six month license revocation.

On January 19, 1988, a grand jury investigating the October 3, 1987 accident indicted Corbin on the charges of reckless manslaughter, second-degree vehicular manslaughter, and criminally negligent homicide, third-degree reckless assault, and driving while intoxicated. The bill of particulars filed by the prosecution indicated that it would prove its case by showing that Corbin drove while in an intoxicated condition, failed to keep right of the median, and drove too fast for conditions. Corbin asserted that the guilty plea before the town justice operated as a bar from prosecution for charges arising from the same conduct, to which the United States Supreme Court agreed.

In analyzing the double jeopardy claim, the Court first noted that the subsequent prosecution was not barred under the traditional *Blockburger* test, "because each offense 'require[d] proof of a fact which the other [did] not'". *Grady supra* at 515, 110 S.Ct. at 2090 quoting *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The Court then held that *Blockburger* was merely the first step in the analysis. While the *Blockburger* test protects an individual from multiple prosecutions and hence multiple punishments for the same offense, it does not fully address all of the harm caused by successive prosecutions.

The Court in *Grady* noted that the double jeopardy clause implicates greater concerns beyond the possibility of subjecting a person to an enhanced sentence:

'The underlying idea, one that is deeply ingrained in at least the Anglo–American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity.' *Green v. United States*, 355 U.S. 184 [78 S.Ct. 221, 2 L.Ed.2d 199] (1957)

*Grady supra* at 518, 110 S.Ct. at 2091. Moreover, the government should not be allowed to rehearse its case. Thus, after applying the *Blockburger* test a second inquiry is necessary to determine whether the defendant was already prosecuted for conduct that is a necessary element of the present charge.

Applying this second test, the court held that double jeopardy clause barred this subsequent prosecution because the bill of particulars expressly stated that the state would rely on the conduct of crossing a medium, and driving while intoxicated which was the very conduct for which Corbin had been convicted.

This court has had occasion to apply *Grady v. Corbin* in a recent *en banc* decision, *Commonwealth v. Labelle*, 397 Pa.Super. 179, 579 A.2d 1315 (1990) allocatur granted 527 Pa. 623, 592 A.2d 43 (1991). In *Labelle*, this Court was presented with the issue of whether a guilty plea to the summary offenses of driving a vehicle at an unsafe speed, and reckless driving, precluded the Commonwealth from maintaining a subsequent prosecution for driving under the influence. After determining that the *Blockburger* test was inapplicable, this court overruled *Commonwealth v. Evers*, 381 Pa.Super. 568, 554 A.2d 531 (1989), and held that the *Grady* test was applicable to a felony or misdemeanor prosecution that was proceeded by a conviction before a district justice, whether by summary trial or guilty plea for

a summary offense. The *Labelle* court however, remanded the case because, unlike the Supreme Court in *Grady*, the court was unable to determine whether the second prosecution involved the same conduct for which Labelle was already convicted.

In the instant case, appellant concedes that the homicide by vehicle prosecution is not barred by the *Blockburger* test because of the prior conviction for driving at an unsafe speed. Rather, appellant asserts that she is presently being prosecuted for conduct for which she has already been convicted in violation of *Grady*. The Commonwealth counters that the conduct for which the prosecution would prove its case for homicide by vehicle is different from the conduct for which the appellant was already convicted. *See, Commonwealth v. Adams*, 406 Pa.Super. 493, 594 A.2d 727 (1991) (subsequent conviction for DUI did not involve same conduct as prior conviction for reckless driving); *Commonwealth v. Kline*, 405 Pa.Super. 412, 592 A.2d 730 (1991) (subsequent conviction for DUI did involve same conduct as prior conviction for crossing a medium); *Commonwealth v. Yingling*, 407 Pa.Super. 151, 595 A.2d 169 (1991) (subsequent conviction for DUI did not involve same conduct as prior conviction for underage drinking); *Commonwealth v. Bellezza*, 412 Pa.Super. 469, 603 A.2d 1031 (1992) (subsequent DUI charge did not involve same conduct as prior disorderly conduct conviction).

Specifically, the Commonwealth contends that appellant will be tried not only for driving at an unsafe speed, but also for driving at a high rate of speed while weaving in and out of traffic and passing vehicles, in an area of high pedestrian and vehicular traffic, at night, after consuming alcohol.[1] The trial court rejected this argument and noted that with the possible exception of the evidence of intoxication, all of the Commonwealth's evidence is directed toward appellant's conduct of driving at an unsafe speed. We

---

1. Initially, the probable cause portion of appellant's criminal complaint only included the fact that her vehicle left 90 feet of skid marks. However prior to appellant's preliminary hearing, the complaint was was amended to include these other claims.

agree with this determination and find it disingenuous for the Commonwealth to argue on appeal that appellant's excessive rate of speed is not an essential element to the present charge of homicide by vehicle.

Finding that the prior conviction involved the same conduct, however, does not end our inquiry. The *Grady* Court recognized,

that when application of our traditional double jeopardy analysis would bar a subsequent prosecution, "[a]n exception may exist where the State is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not been discovered despite the exercise of due diligence. See *Diaz v. United States* 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500] (1912); *Ashe v. Swenson,* 397 U.S. 436 [90 S.Ct. 1189, 25 L.Ed.2d 469] (1970) (Brennan, J. concurring)."

*Grady, supra* at 516, n. 7, 110 S.Ct. at 2090, n. 7 quoting *Brown v. Ohio,* 432 U.S. 161, 169, n. 7, 97 S.Ct. 2221, 2227, n. 7, 53 L.Ed.2d 187 (1977). The *Grady* Court concluded that such an exception was not applicable under its facts since the district attorney's office was aware of the victim's death on the night of the accident.

In the present case, the trial court, after considering the underlying rationale for barring subsequent prosecutions, held that the due diligence exception does apply. Specifically, the trial court held that the concerns underlying the double jeopardy clause:

assume[s] the prosecution has the ability to control the charging process and calculate and pursue a planned strategy, an ability which, as in this case, does not always exist. Here, the facts reveal that at the time of the accident on October 26, 1990, the victim, although injured, survived and was taken to the hospital. At the time that the summary traffic citation was issued four days later the victim, although hospitalized, was alive and it was not until November 2, 1990, that Ruth Smith died. The defendant, having received the citation sometime after October 30th, was entirely free to plead guilty and tender

the fine at any time within ten day after receipt of the summons and without a personal appearance in court. Pa.R.Cr.P., 62 and 64. Such an occurrence was beyond the practical control of the District Attorney.

(T.C.O. at 4).

We agree with the trial court that the manner in which summary traffic convictions are handled in Pennsylvania makes it very difficult to ensure that a person does not plead guilty to a summary offense prior to being charged with a more serious criminal offense. However, we are constrained, given *Grady supra,* and *Labelle supra,* to disagree with the trial court's conclusion that this fact excuses the district attorney's office from being barred from placing an individual in double jeopardy.[2]

In the instant case, there was an accident in which an elderly woman was sent to the hospital in serious condition. On October 30, four days after the accident, after consultation with the district attorney's office, appellant was cited for driving at an unsafe speed. On November 2, 1990, the victim died as a result of injuries suffered from being struck by appellee. On November 14, appellee paid the traffic citation, and on the same day was charged with homicide by vehicle.[3]

It is true that the district attorney's office could not possibly have charged appellant with homicide by vehicle before November 2, 1990, when Ms. Smith died. Furthermore, if appellee pleaded guilty prior to the time the district attorney's office knew that a death was caused by the accident, then double jeopardy would not attach. *See Diaz v. United States,* 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500

**2.** Although bound by *Commonwealth v. Labelle,* this writer still clings to the view that double jeopardy should not be implicated by summary offenses. *See Commonwealth v. Evers supra.*

**3.** There is no intimation that the Commonwealth was aware that appellant plead guilty when appellant was charged with homicide by vehicle, or that appellant was aware that these charges were levied against her when she plead guilty to driving at an unsafe speed. The reason appellee was not charged criminally for 12 days after the death of the victim was that the charging district attorney was on vacation.

(1912) (subsequent trial for murder was not barred by prior conviction for assault and battery when victim died after first conviction). However, the district attorney's office was in possession of all necessary facts when appellee plead guilty on November 14, 1990. Thus, the due diligence exception relied upon by the trial court does not apply to this case.

Accordingly, we find that when appellant plead guilty to driving at an unsafe speed, jeopardy attached, and the Commonwealth was barred from bringing this second prosecution based on the same conduct.

Order Reversed.

ROWLEY, P.J., files dissenting statement.

ROWLEY, President Judge, dissenting:

I respectfully dissent.

I am not convinced that the record before us discloses a failure on the part of the Commonwealth to act with due diligence. According to the Commonwealth, the "main investigator" was on vacation until the second week of November. Following his return to work he "investigated the accident" and then the charge at issue here was filed. I agree with the trial court that, on the basis of this record, "the Commonwealth acted diligently and in a manner which did not offend the rationale of the double jeopardy prohibition."

For this reason I would affirm the order of the trial court and remand the case for trial.