## Commonwealth v. Exley

*John M. Dawson, district attorney,* for the Commonwealth.

*R. Charles Thomas,* for defendant.

MILLER, *P.J.,* November 13, 1992—

STATEMENT OF FACTS

The defendant, Sylvia May Exley, went to the home of Patricia Maerten on Park Lane Drive, Vernon Township, Crawford County, Pennsylvania. The defendant allegedly punched in the rear sliding glass door and pried it open. In the process of gaining entry, she tore some drapes. Once inside, she allegedly grabbed Maerten and threatened her with bodily harm. A citation for a summary offense of defiant trespass (18 Pa.C.S. §3503(b)) was issued to the defendant on June 2, 1992. She pled guilty to that charge on June 2nd.

A criminal complaint was subsequently filed charging defendant with criminal mischief (18 Pa.C.S. §3304) and harassment (18 Pa.C.S. §2709) in connection with her actions at the Maerten residence. The defendant moves to quash the information contending that the current prosecution is barred by the rules of joinder, 18 Pa.C.S. §110, the doctrine of collateral estoppel and the double jeopardy clauses of the Pennsylvania and United States Constitutions.

DISCUSSION

A. *Claims under 18 Pa.C.S. §110 and the Doctrine of Collateral Estoppel.*

Title 18 Pa.C.S. §110 requires all criminal violations arising from the same criminal episode and within the

jurisdiction of a single court to be brought in one prosecution. Section 110 does not apply to the disposition of summary offenses. Therefore, section 110 will not bar the current prosecution because the prior offense, defiant trespass was a summary violation. *Commonwealth v. Beatty*, 500 Pa. 284, 290, 455 A.2d 1194, 1198 (1983); *Commonwealth v. Taylor*, 513 Pa. 547, 553, 522 A.2d 37, 39 (1987); *Commonwealth v. Bellezza*, 412 Pa. Super. 469, 603 A.2d 1031, 1034-35 (1992).

Collateral estoppel principles could not bar the current prosecution because the defendant had pled guilty to the defiant trespass charge. The Commonwealth is not attempting to relitigate facts that were decided against it in a former prosecution.

## B. *Claim under the Double Jeopardy Clause.*

The Double Jeopardy Clause states: "(N) or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const., Amend V. The double jeopardy prohibition is enforceable against the states through the 14th Amendment. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The double jeopardy clause of Article I, §10 of the Pennsylvania Constitution does not afford any greater protection to citizens than that afforded by the Fifth Amendment. *Gundy v. Commonwealth, Pa. Board of Probation & Parole*, 82 Pa. Commw. 618, 623, 478 A.2d 139, 142 (1984).

The U.S. Supreme Court broadened the reach of the double jeopardy; clause in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 1084, 109 L.Ed.2d 548 (1990). The charges in *Grady* arose from a traffic accident. On the day of the accident, the defendant was charged with driving while intoxicated, a misdemeanor, and with failing to keep right

of the median, a summary traffic offense under New York law. Two months later, the defendant was indicted on charges of reckless manslaughter, second-degree vehicular homicide, criminally negligent homicide and reckless assault.

The court acknowledged that the pending charges must pass the traditional *Blockburger* test.[1] "If application of that test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other then the inquiry must cease, and the subsequent prosecution is barred." *Id.* at 561. The court promulgated a second test that the subsequent charges also must satisfy.

"Thus, a subsequent prosecution must do more than merely survive the *Blockburger* test.... [T]he double jeopardy clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. This is not an 'actual evidence' or 'same evidence' test. The critical inquiry is what conduct the state will prove, not the evidence the state will use to prove that conduct." 109 L.Ed.2d at 564.

The court applied its new "conduct" test to the defendant's case and found that the double jeopardy clause barred the prosecution. "By its own pleadings, the state has admitted that it will prove the entirety of the conduct for which Corbin was convicted—driving while intoxicated and failing to keep right of the median—to establish essential elements of the homicide and assault offenses." 109 L.Ed.2d at 565.[2]

---

1. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 182, 76 L.Ed 2d 306 (1932).

2. The defendant conceded that the *Blockburger* test did not bar the prosecution. *Grady v. Corbin,* 109 L.Ed.2d at 656.

The import of *Grady v. Corbin* was clarified by the court in *United States v. Felix*, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992).

The court in *Felix* emphasized that the *Grady v. Corbin* conduct test is not a same evidence test. Our inquiry must focus on whether the prosecution will prove the conduct for which the defendant previously was prosecuted to establish an essential element of one of the current charges. We now evaluate defendant's double jeopardy claim under the two-test framework established in *Grady v. Corbin*.

## (1) The *Blockburger* test.

A comparison of the statutory elements of the offenses at issue with the summary offense of defiant trespass reveal that defiant trespass contains at least one element of proof not required for the current offenses. A person is guilty of defiant trespass under 18 Pa.C.S. §3503(b)(1)(iii) if, knowing he is not licensed or privileged to do so, enters or remains in any place as to which notice against trespass is given by fencing or other enclosure manifestly designed to exclude intruders. The basic element of defiant trespass is an unprivileged entry. An unprivileged entry is not an element of criminal mischief or harassment.

Criminal mischief and harassment each contain at least one element of proof that is not required for defiant trespass. Criminal mischief as defined in 18 Pa.C.S. §3304(a)(1) requires damage to be inflicted on another's tangible property through the intentional or reckless use of a harmful force. Defiant trespass does not require use of a harmful force or property damage. Harassment, as defined in 18 Pa.C.S. §2709(1) requires a person to make or attempt to make physical contact or threaten

physical contact with another with the intent to harass or annoy. Physical contact or threat of physical contact with another is not an element of defiant trespass. Therefore, the current prosecution survives the *Blockburger* test.

### (2) The *Grady v. Corbin* "conduct" test.

We then must decide if the Commonwealth will prove conduct that constitutes an offense for which the defendant has already been prosecuted.

The Pennsylvania Superior Court has applied *Grady v. Corbin* to various factual situations. The defendant in *Commonwealth v. Kline,* 405 Pa. Super. 412, 592 A.2d 730 (1991), pled guilty to the summary Motor Vehicle Code violation of failing to drive on the right side of the roadway. The defendant subsequently was charged with DUI. Because the defendant did not submit to a' blood alcohol test, the Commonwealth had to prove she was driving on the wrong side of the road to establish she "was under the influence of alcohol to a degree which renders a person incapable of safe driving." 75 Pa.C.S. §3731(a)(1). To prove that the defendant was intoxicated to the point she was incapable of safe driving, the Commonwealth had to prove that she was weaving back and forth across the roadway. Thus, the prosecution would prove the conduct that constituted an offense for which she already had been prosecuted. *Kline* at 412, 592 A.2d at 733-34.

In *Matter of Huff,* 399 Pa. Super. 574, 582 A.2d 1093 (1990), *affirmed,* 529 Pa. 441, 604 A.2d 1026 (1992), the court considered whether the defendant's previous convictions for failure to drive at a safe speed and reckless assault. The court noted, "[w]hile the Commonwealth was not prevented from using any of the evidence pre-

sented in the first prosecution or presenting new evidence, no evidence may be introduced which would prove conduct constituting an offense for which the appellant had previously been convicted." *Huff*, 582 A.2d at 1097. The Commonwealth conceded that it would have to rely on the conduct that constituted the summary offenses to prove aggravated assault. Although the prosecution seemed to violate the double jeopardy clause, the court found that a jurisdictional exception to the double jeopardy clause permitted the prosecution. *Huff*, 582 A.2d at 1097-98.

The defendant in *Commonwealth v. Bellezza*, 412 Pa. Super. 469, 603 A.2d 1031 (1992), drove a car while under the influence of alcohol and had an accident. The defendant was prosecuted at the magistrate's office for disorderly conduct because of his abusive behavior at the hospital. The Commonwealth had presented testimony regarding his conduct at the hospital.

The court stated that offenses which stem from the same criminal episode would be barred only if the Commonwealth needed to establish conduct in the subsequent prosecution which already had formed the basis of the prior proceedings. The court held that the subsequent prosecution did not put the defendant in jeopardy twice for the same offense. To convict for DUI, the Commonwealth had to establish the defendant had operated a motor vehicle while under the influence of alcohol. The Commonwealth did not have to establish the defendant's conduct at the hospital. *Bellezza* at 485, 603 A.2d at 1039.

In *Commonwealth v. Caufman*, 417 Pa. Super. 131, 611 A.2d 1300 (1992), the defendant struck a pedestrian with her car. She pled guilty to the summary offense of failing to drive at a safe speed. After the pedestrian died, she was charged with homicide by motor vehicle.

The Commonwealth contended that it would not prove the same conduct which constituted the summary offense. The defendant would be tried not only for driving at an unsafe speed, but also for driving at a high rate of speed while weaving in and out of traffic. The court held that the subsequent prosecution was barred. With the exception of the evidence of intoxication, all of the Commonwealth's evidence was directed towards the defendant's conduct of driving at an unsafe speed. Excessive speed was an essential element of proof in the homicide by vehicle prosecution. *Caufman, 611 A.2d at 1302-03. See also Commonwealth v. LaBelle,* 397 Pa. Super. 179, 579 A.2d 1315, 1323-24 (1990), *rev'd. on other grounds,* 611 A.2d 418 (1992), where the Superior Court stated that the trial court incorrectly applied the double jeopardy clause to bar the DUI prosecution where the defendant did not demonstrate that his prior conviction of reckless driving was based on alcohol consumption.

The Superior Court has stated that a defendant's particular status can constitute conduct. In *Commonwealth v. Yingling,* 407 Pa. Super. 151, 595 A.2d 169 (1991) *alloc. den.,* 610 A.2d 45 (1992), the defendant drove an automobile while intoxicated and had an accident. He was cited and convicted for underage drinking. The Commonwealth subsequently charged him with DUI. After the court decided that the current prosecution passed the *Blockburger* test, the court examined the conduct the prosecution would have to establish to prove DUI. The court stated that to constitute the "same offense" for double jeopardy purposes, the conduct used to establish an essential element of the subsequent charge must be the conduct for which the defendant was convicted in the first prosecution. In the first prosecution alcohol consumption alone was not the conduct for which the defendant was previously prosecuted, nor did that conduct constitute an

offense for which the defendant previously was prosecuted. He was convicted for underage consumption. The status of being underage is an integral aspect of the conduct for which the defendant was convicted in the previous prosecution. Because the Commonwealth did not have to rely in any way on the underage consumption of alcohol, the defendant was not put in jeopardy twice for the same offense. *Yingling,* 595 A.2d at 171-72.

Turning to the case at bar, the district attorney in the information and at oral argument admitted that the Commonwealth would have to prove that the defendant pried open the door, entered the dwelling and tore the drapes to establish criminal mischief. The conduct used to establish defiant trespass was entry into the dwelling.

The Commonwealth in the current prosecution would not have to establish an *unprivileged* entry to establish the acts which constituted criminal mischief. Our examination of the criminal trespass statute leads us to conclude that the defendant's lack of privilege to enter a place is not the type of status which constitutes conduct. A person is guilty of defiant trespass if "knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by ... fencing or other enclosing manifestly designed to exclude intruders." 18 Pa.C.S. §3503(b)(1)(iii). Lack of privilege is not established in (b)(3) through communication to the trespasser. Instead, it is inferred by entering an enclosed place. Entering an enclosed place will have to be proved in the current prosecution to establish some of its damage which constitutes an essential element of proof for criminal mischief. Therefore, the Commonwealth is attempting to prove the entirety of the conduct for which the defendant had previously pled guilty to. We find that the current prosecution for criminal mischief is barred by the double jeopardy clause.

294

The defendant's acts of breaking into the Maerten residence is not conduct which must be established to prove an essential element of harassment. The Commonwealth must prove the defendant made or attempted to make physical contact with Maerten or threatened physical contact. Although the prosecution may introduce the manner in which the defendant gained entry to the house, the Commonwealth will not have proved conduct that constitutes an offense for which the defendant already has been prosecuted *to establish an essential element of harassment.* There will be no prosecution for the same conduct. Therefore, the defendant will not have been put in jeopardy twice for the same offense. The current prosecution may result in an overlap of proof, but the Supreme Court in *Brady* and *Felix* has made it clear that the conduct test is not a same evidence test. Accordingly, we find that the prosecution for harassment is not barred by the double jeopardy clause.